UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Joseph Francis, #287847, | ) C/A No.: 4:07-3619-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| The Honorable Brooks P. Goldsmith, | ) |
| | ) |
| Defendant. | ) |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 against the state Circuit Court Judge who presided over plaintiff's hearing for post-conviction relief. Plaintiff alleges he filed his application for post-conviction relief in 2003. According to the complaint, a hearing was not held until March 2007 and the judge has not yet issued an opinion. Plaintiff seeks an order directing the defendant to render a decision.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's

allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although the plaintiff has filed the above-captioned case under 42 U.S.C. § 1983 the relief which he has requested is in the nature of a mandamus action. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In *Gurley v. Superior Court of Mecklenburg County supra*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, *supra*, 411 F.2d at 587. Since the defendant in the above-captioned case is a state official the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against the defendant.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh*, *supra*, and *Todd v. Baskerville*, *supra*, and, therefore, was subject to summary dismissal. *Craigo v. Hey*, *supra*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (1988) and *Robinson v. Illinois*, 752 F. Supp. 248, 248-249 & n. 1 (1990).

## **RECOMMENDATION**

It is therefore recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process because this court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). *See also* Fed. R. Civ. P. 41(b), which provides that a dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
November 29, 2007

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).